UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANDON GROOM,

    Plaintiff,

v.

WAYNE COUNTY SHERIFF et al.,

    Defendants.

Case No. 24-10183
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**ORDER ACCEPTING REPORT AND RECOMMENDATION [149] AND DISMISSING CASE FOR FAILURE TO PROSECUTE**

In June 2022, Shandon Groom, along with a group of ten others who are currently or have previously been incarcerated at the Wayne County Jail, brought this *pro se* action under 42 U.S.C. § 1983 for the jail's failure to lift COVID-19 restrictions. (ECF No. 1, PageID.2–4.) The Plaintiffs allege that the continuation of these restrictions—including prohibiting in-person visitation, recreation, and access to "fresh air"—violated their rights under the First, Eighth, and Fourteenth Amendments. The case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters (ECF No. 48) and the Court later severed each Plaintiff's claims into separate actions (ECF No. 147).

Groom was transferred to the Michigan Department of Corrections on October 10, 2023. (*See* ECF No. 120.) But Groom never provided an updated address, despite the Court having informed Groom of his obligations to notify the Court of address changes. (*See* ECF No. 11.) After two orders were returned as undeliverable (ECF

Nos. 126, 132) the Court ordered Groom to show cause as to why his claims should not be dismissed for failure to prosecute and comply with court orders (ECF No. 135). This too was returned as undeliverable (ECF No. 144), and Groom did not respond or provide an updated address. So Judge Morris issued a report and recommendation to dismiss the case for failure to prosecute. (ECF No. 149.) This too was returned as undeliverable. (ECF No. 152.)

At the conclusion of her Report and Recommendation, Judge Morris notified the parties that they were required to file any objections within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 149, PageID.889.) Since Groom was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies, so Groom's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Groom may have mailed, it has now been 36 days since the Report was served on Groom. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-

appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation (ECF No. 149) and accepts the recommended disposition. The case is DISMISSED WITHOUT PREJUDICE. A separate judgment will follow.

SO ORDERED.

Dated: March 15, 2024

                                               s/Laurie J. Michelson
                                               LAURIE J. MICHELSON
                                               UNITED STATES DISTRICT JUDGE